IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JERRY MCCAULEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 05-0897-CV-W-HFS |
| ) | |
| CHUCK DWYER, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This is a 28 U.S.C. § 2254 habeas corpus matter. Pending before the Court is petitioner's "Application for Leave to Conduct Discovery for Good Cause Shown in this Habeas Corpus Proceeding." (Doc. No. 5). Respondent has filed suggestions (Doc. No. 19) in opposition to petitioner's motion, and petitioner has filed reply suggestions (Doc. No. 26).

Respondent correctly points out that this court should not allow development of a case on the merits absent exhaustion of petitioner's State Court remedies. Respondent endorses the existence of such remedies, as described by the Eighth Circuit in Wayne v. Missouri Bd. of Probation and Parole, 83 F.3d 994, 997 (8th Cir. 1996). Therefore, it is premature for petitioner to seek relief here.

Petitioner anticipates the possibility of a ruling that exhaustion is necessary. He urges the court to stay proceedings, pursuant to Rhines v. Weber, 544 U.S. 269 (2005). I will take such action, concluding that the failure to exhaust State Court remedies was attributable to good faith doubt as to what proceedings would be available.

Rhines suggests imposing some time limits on a stay, so that the interests of finality are not neglected.

It is therefore ORDERED that the application for leave to conduct discovery (Doc. 5) is DENIED. It is further ORDERED that proceedings in this case are STAYED for a period of sixty days and, if, State Court remedies are then being pursued, the stay shall remain in effect until thirty days after exhaustion of any remedies available to petitioner in State Court.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

March 13, 2006

Kansas City, Missouri